IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL EDWARD RILEY                                                                       PLAINTIFF

v.                              Civil No. 4:24-cv-04130-BAB

SPECIAL AGENT JOHN JONES;
INVESTIGATOR JAKE EUDY;
CHIEF DEPUTY JOEY DAVIS;
CIRCUIT JUDGE TOM COOPER;
CIRCUIT JUDGE BRYAN CHESSHIR;
SHERIFF BRYAN MCJNUNKINS;
JAIL ADMIN JANA TALLENT;
9TH WEST JUDICIAL CIRCUIT COURT;
9TH WEST JUDICIAL DRUG TASK FORCE;
HOWARD COUNTY SHERIFF'S OFFICE;
HOWARD COUNTY DETENTION CENTER;
and PROSECUTOR AARON BRASSEL                                                            DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Michael Edward Riley, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of at least some of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey.   28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which

1

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on December 20, 2024. (ECF Nos. 1, 2). Plaintiff was granted IFP status on the same day. (ECF No. 3). Plaintiff used the Court's standard complaint form for civil rights claims brought by *pro se* plaintiffs.

In his Complaint, Plaintiff alleges his claims pursuant to 42 U.S.C. § 1983. He list twelve Defendants in the Complaint section indicated for named Defendants: (1) Special Agent John Jones from Sevier County; (2) Investigator Jake Eudy from Howard County; (3) Chief Deputy Joey Davis from Howard County; (4) Circuit Judge Tom Cooper; (5) Circuit Judge Bryan Chesshir; (6) Sheriff Bryan McJunkins from Howard County; (7) Jail Administrator Jana Tallant from Howard County Detention Center; (8) the Ninth West Judicial Circuit Court; (9) the Ninth West Judicial Drug Task Force; (10) Howard County Sheriff's Office; (11) Howard County Jail; and (12) Prosecutor Aaron Brasel. (ECF No. 1, pp. 2-3, 8-9).

Plaintiff asserts his claims under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1, p. 4).

When prompted by the complaint form to indicate how each Defendant acted under color of law as is required by Section 1983, Plaintiff responded:

> All individuals I have named were on duty working as law enforcement officers or as court authorities at the time of the violations of my rights. Jones asked for arrest warrant and Cooper signed one for him, and I went to jail for same warrant. Arrested by Joey Davis on Warrant.

(ECF No. 1, p. 4) (errors in original).

When prompted by the complaint form to enumerate the facts that gave rise to his claims, Plaintiff provided four pages of factual allegations and claims. The Court will summarize Plaintiff's claims including the relevant facts.

In June 2024, Plaintiff became aware a female acquaintance of his was a confidential informant for "DTF." The female acquaintance "set up" another elderly acquaintance of Plaintiff's as a drug dealer. This agitated Plaintiff as he thought it was unfair to the elderly acquaintance. Plaintiff then sent the informant a "message" expressing his opinion of her and the police involved in the criminal case with the elderly acquaintance. According to Plaintiff, he did not threaten anyone in his message, but he did give his opinion about the moral character of the officers involved. (ECF No. 1, p. 10). It was this message that brought about the search of Plaintiff's home and Plaintiff's arrest. The search and Plaintiff's arrest are the crux of his Complaint. (ECF No. 1, p. 11).

Plaintiff asserts Defendant Jones and Eudy broke into his home and stole his phone and computer. He also claims Judge Cooper shouldn't have destroyed his life by signing his arrest warrant without any formal charges or affidavit filed. Additionally, Judge Chesshir should not have signed the search warrant without a supporting affidavit. (ECF No. 1, p. 11). Plaintiff then claims legal procedures were not followed regarding the search warrant executed on his home. Specifically, Plaintiff states the warrant was not returned after execution with an inventory of items seized. *Id.* As a result of this arrest and search warrant Plaintiff was "kidnapped" and illegally held for thirty-five days sleeping on a concrete floor with sewage. *Id.* Plaintiff then lists his claims based on the above facts as: "Bogus charge. False arrest. Malicious prosecution. Violated my right to be free from illegal search and seizure. And violated my right to free speech. And abuse of power on their part." *Id.*

Plaintiff goes on to clarify his claims. His claim against Bryan McJunkins, as Sheriff of Howard County, is that he is the "boss" of Defendants Eudy and Davis. Plaintiff claims Sheriff McJunkins also allowed Defendants Eudy and Davis to participate in the above complained of activities and allowed the Howard County Detention Center ("HCDC") to be a "base of operation" for Defendants Jones, Eudy, and Davis. Plaintiff was interrogated by Defendants Jones, Eudy, and Davis at the HCDC. *Id.*

Plaintiff next alleges the "9th West Judicial DTF" employs Defendant Jones and allows him violate people's rights by entering their homes without warrants and asserting false charges against citizens of Howard County. (ECF No. 1, p. 11).

Plaintiff then alleges the "9th West Judicial Circuit Court of Arkansas" is allowing Judge Cooper and Judge Chesshir to violate Plaintiff's rights in their complicity with these fraudulent warrants. Furthermore, the Court allowed Judge Cooper and Judge Chesshir to disregard protocol in handling warrants through issuance, execution, and return. (ECF No. 1, p. 12).

Plaintiff then asserts Jail Administrator Jana Tallant violated his constitutional rights when she allowed him to sleep on the concrete floor covered in feces for thirty-five days *Id.*

Finally, Plaintiff alleges a claim against Prosecutor Brasel for failing to release Plaintiff's property which was stolen during the search of his home. (ECF No. 1, p. 13).

Plaintiff claims his injuries are a back injury and detriment to his mental state. He also requests the Defendants be sent to prison for their actions. (ECF No. 1, p. 5). Plaintiff requests both compensatory and punitive damages for pain and suffering, property reimbursement, and public humiliation. (ECF No. 1, p. 6).

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128,

1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

The Court construes Plaintiff's Complaint to allege multiple due process claims related to his arrests, charges, and incarceration. The Court finds these Due Process claims are sufficient to survive screening under the PLRA. Specifically, Plaintiff's claims related to his charges, his arrest, the warrants issued against him and how they were processed, the search and seizure conducted at his home. Additionally, Plaintiff also states a claim for free speech pursuant to the First Amendment.[1] However, Plaintiff has failed to state claims upon which relief may be granted on his claims: (1) against Judge Cooper, Judge Chesshir, and Prosecutor Aaron Brasel based on their immunities; (2) of property conversion regarding his "stolen" property from the search of his home and the failure to release such property; (3) his claim against Sheriff McJunkins based solely on a *respondeat superior* theory of liability; and (4) his claims against "Howard County Jail,"

---

[1] The parties are reminded that Plaintiff's conditions of confinement claim asserted against Jana Tallant has been severed from this matter and a new case created for this claim at Case No. 4:25-cv-04008.

"Howard County Sheriff's Office," "9th West Judicial Drug Task Force," and "9th West Judicial Circuit Court of Arkansas" as they are not entities or persons subject to suit under Section 1983.

### A. Immunities

Judge Cooper, Judge Chesshir, and Aaron Brasel are all immune from Plaintiff's suit. First Judges Cooper and Chesshir enjoy complete judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (explaining the common law principle of judicial immunity was not abolished by Section 1983). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Plaintiff did not allege Judge Cooper or Judge Chesshir acted outside their jurisdiction. Plaintiff's factual complaints against Judges Cooper and Chesshir relate to what he classifies as their error in issuing his arrest and search warrants. Clearly, issuing arrest and search warrants fall within both Judge Cooper and Judge Chesshir's judicial duties. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (8th Cir. 2018) (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with

7

the judge in his judicial capacity). Even if Judge Cooper and Judge Chesshir issued the warrants related to Plaintiff in error they are still entitled to judicial immunity. *See Stump*, 435 U.S. at 356-57.

Next, Aaron Brasel, the prosecuting attorney, also enjoy immunity from suit. The Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under Section 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Furthermore, immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted).

Moreover, even if Aaron Brasel were not immune from suit, Plaintiff only alleges claims related to his "stolen property" and "malicious prosecution" against Aaron Brasel. As explained below, Plaintiff's claims related to his property are not cognizable Section 1983 claims and fail as a matter of law. Furthermore, the Eighth Circuit has consistently held "malicious prosecution by itself is not punishable under [Section] 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (citing *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990)).

Accordingly, all of Plaintiff's claims asserted against Judge Cooper, Judge Chesshir, and Aaron Brasel should be dismissed without prejudice, and all three of these Defendants should be dismissed from this case.

### B. Property Conversion

Plaintiff's clams regarding his property stolen during the execution of his search warrant or that is being held by the prosecutor, fails to state a claim upon which relief may be granted pursuant to Section 1983. Plaintiff has adequate post-deprivation remedies in the Arkansas state courts to regain his property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where a distinct act of dominion is exerted over property in denial of owner's right). Plaintiff's allegations, therefore, do not rise to the level of a constitutional violation and should be dismissed. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available under state law); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state a claim under § 1983 if state had adequate post-deprivation remedy).

Accordingly, Plaintiff's claims related to his property should be dismissed without prejudice.

### C. *Respondeat Superior*

Plaintiff's claims against Sheriff McJunkins are based solely on a theory of supervisory liability. Plaintiff claims Sheriff McJunkins, as Defendants Eudy and Davis's boss, allowed them to participate in the complained of activities. Thus, Sheriff McJunkins is liable because he employs Defendants Eudy and Davis. However, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Servs.*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an

official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability.") (internal quotations omitted).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Therefore, Plaintiff's claims asserted against Sheriff McJunkins fail as a matter of law.

Accordingly, Sheriff McJunkins should be dismissed from this action.

### D. Legal Entities Subject to Suit

Next, Plaintiff names the "Howard County Jail," "Howard County Sheriff's Office," "9th West Judicial Drug Task Force," and "9th West Judicial Circuit Court of Arkansas" as Defendants. These buildings, offices, tasks forces, and courts are not a person or a legal entity subject to suit under Section 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). *See also Collins v. Dakota Cnty. Dist. Crt.*, 435 F. App'x 581, 2011 WL 4991623, at *1 (8th Cir. Oct. 20, 2011) (citing *Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) (state courts possess Eleventh Amendment immunity from Section1983 suit).

Furthermore, even if the "9th West Judicial Drug Task Force," and "9th West Judicial

Circuit Court of Arkansas" were suable entities, Plaintiff has failed to allege anything but the fact this task force and circuit court employed the Defendants and allowed Defendants to violate Plaintiff's rights. This is nothing more than an assertion of *respondeat superior* liability. For the reasons explained herein, such claims fail as a matter of law.

Accordingly, "Howard County Jail," "Howard County Sheriff's Office," "9th West Judicial Drug Task Force," and "9th West Judicial Circuit Court of Arkansas" should all be dismissed from this action.

### IV.    CONCLUSION

For these reasons, it is recommended:

(1) All of Plaintiff's claims asserted against Judge Cooper, Judge Chesshir, and Aaron Brasel be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because these Defendants are immune from suit;

(2) Judge Cooper, Judge Chesshir, and Aaron Brasel be dismissed from this action;

(3) All claims asserted against Defendants Sheriff McJunkins, "Howard County Jail," "Howard County Sheriff's Office," "9th West Judicial Drug Task Force," and "9th West Judicial Circuit Court of Arkansas" be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4) Defendants Sheriff McJunkins, "Howard County Jail," "Howard County Sheriff's Office," "9th West Judicial Drug Task Force," and "9th West Judicial Circuit Court of Arkansas" be dismissed from this action; and

(5) Plaintiffs Due Process and First Amendment claims alleged against Defendants Jones, Eudy, and Davis, in their individual and official capacities, remain for further litigation.

An order for service will issue separately.

**Referral Status: This case should remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2025.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE